United States Court of Appeals, Eleventh Circuit.

No. 96-8795.

J.W. COUNTS, Plaintiff-Counter-Defendant, Appellant,

v.

AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY; American General Corporation Plan Administrator, Defendants-Counter-Claimants-Appellees,

Gulf Life Insurance Company, et al., Defendants.

April 29, 1997.

Appeal from the United States District Court for the Southern District of Georgia. (No. CV694-055), Anthony A. Alaimo, Judge.

Before DUBINA and BLACK, Circuit Judges, and COHILL[*], Senior District Judge.

DUBINA, Circuit Judge:

Appellant J.W. Counts ("Counts") appeals the district court's grant of summary judgment in this ERISA [1] action in favor of Appellees American General Life and Accident Insurance Company and American General Corporation Plan Administrator (collectively, "AGLA"). The district court ruled that Counts failed to exhaust his administrative remedies. For the reasons that follow, we affirm.

I. BACKGROUND

Counts worked as an insurance agent and sales manager for AGLA and its predecessors from 1965 to 1990. Counts was a participant in the Gulf Life Field Representative's Long-Term Disability Plan

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

("the Plan"),[2] an employee benefit plan governed by ERISA and administered by AGLA. A participant must be totally disabled to receive long term disability ("LTD") benefits under the Plan. The Plan defines total disability as a sickness or injury which prevents a participant from performing the main duties of his or her regular occupation. After 12 months, however, the definition changes: the participant must be unable to perform "each and every of the main duties of *any* occupation. Any occupation is one that the Participant's training, education, or experience will reasonably allow." R3-61, District Court Order at 3 (emphasis added).

Counts injured his back in 1986. Four years later, he became totally disabled and stopped working. In November 1990, AGLA began paying Counts LTD benefits under the Plan. Counts received LTD benefits for 12 months. AGLA then suspended his benefits pending receipt of an opinion from his physician, Dr. Cannon, as to whether Counts was totally disabled under the "any occupation" definition. In March 1992, Dr. Cannon sent AGLA a letter stating that he felt Counts was capable of light clerical work and was not totally disabled. Two other doctors who evaluated Counts reached similar conclusions.

By letter dated April 30, 1992, AGLA's Disability Committee terminated both Counts' LTD benefits and his employment with AGLA. The termination letter stated that the committee had determined that Counts no longer met the requirements for total disability under the Plan. The letter also provided as follows:

---

[2]AGLA assumed control of all Gulf Life operations in 1990.

> The Disability Committee decision is final unless overturned by an appeal; therefore, your employment and benefit status will remain terminated during the appeal process.
>
> If you disagree with this determination, you may appeal the decision by sending your written request within 60 days following your receipt of this notice stating the reason for your appeal along with any additional information for review to [address omitted].
>
> If you wish to examine any pertinent documents, we will need a written authorization from your physician before medical information can be released to you.

District Court Order at 4-5.

Counts did not appeal the decision. Four months after the 60-day appeals period expired, Counts' attorney wrote AGLA a letter discussing Counts' medical situation and stating, "We would appreciate hearing from you regarding this matter at your earliest convenience." *Id.* at 5. Counts' attorney did not request any specific information from AGLA. AGLA wrote back reiterating its basis for discontinuing Counts' benefits and offering further assistance upon request. Ten months later, Counts' attorney wrote AGLA a second letter stating that AGLA's letter terminating Counts' LTD benefits failed to comply with the notice requirements set forth in 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f). AGLA responded that it felt its denial letter was in substantial compliance with the regulatory requirements, but that it welcomed further inquiries. Counts made none. Five months later, Counts filed this action.

Counts' complaint alleged (1) that AGLA wrongfully discontinued his LTD benefits under the Plan and (2) that AGLA terminated his employment for the purpose of interfering with his rights under other AGLA employee benefit plans in which Counts was

a participant.  Counts sought an order reinstating his LTD benefits and requiring AGLA to continue contributing to his other employee benefit plans.  Counts also sought attorney's fees and an award of civil penalties for AGLA's alleged failure to supply him with requested information.  AGLA counterclaimed for overpayment of LTD benefits.  The district court granted AGLA's motion for summary judgment on the ground that Counts failed to exhaust his administrative remedies.  Counts appealed.[3]

## II. DISCUSSION

We review the district court's grant of summary judgment *de novo,* applying the same standards as the district court.  *Harris v. Board of Educ. of the City of Atlanta,* 105 F.3d 591, 595 (11th Cir.1997).  "Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."  *Harris v. H & W Contracting Co.,* 102 F.3d 516, 518 (11th Cir.1996).  In reviewing a grant of summary judgment, we view the evidence in the light most favorable to the party opposing the motion.  *Id.* at 519.

It is undisputed that Counts failed to exhaust his administrative remedies.  The Plan required Counts to appeal the denial of his LTD benefits within 60 days of receiving his termination letter.  Counts never appealed.  The law is clear in this circuit that plaintiffs in ERISA actions must exhaust

---

[3]Counts' first appeal was dismissed for lack of jurisdiction.  The district court then certified that its summary judgment order was final, and Counts renewed his appeal.  AGLA's counterclaim is still pending in the district court.

available administrative remedies before suing in federal court. *Springer v. Wal-Mart Associates' Group Health Plan,* 908 F.2d 897, 899 (11th Cir.1990); *Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1225-27 (11th Cir.1985). However, district courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate. *Curry v. Contract Fabricators, Inc. Profit Sharing Plan,* 891 F.2d 842, 846 (11th Cir.1990). The district court found neither circumstance present here. Accordingly, the district court declined to excuse the exhaustion requirement in this case. Counts argues that the district court erred for several reasons.

First, Counts argues that the district court should have excused his failure to exhaust administrative remedies because AGLA's termination letter failed to comply with ERISA's notice requirements. *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(f). The district court agreed that AGLA's letter was technically deficient. Nevertheless, the district court concluded that the letter substantially complied with the notice requirements because, taken as a whole, it supplied Counts "with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review." District Court Order at 12, *quoting Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 382 (7th Cir.1994).

Even if the district court erred in finding substantial compliance, Counts would not be excused from the exhaustion requirement. The consequence of an inadequate benefits termination letter is that the normal time limits for administrative appeal may

not be enforced against the claimant. *Epright v. Environmental Resources Management, Inc. Health & Welfare Plan,* 81 F.3d 335, 342 (3rd Cir.1996); *White v. Jacobs Eng'g Group,* 896 F.2d 344, 350 (9th Cir.1989). Thus, the usual remedy is not excusal from the exhaustion requirement, but remand to the plan administrator for an out-of-time administrative appeal. *Weaver v. Phoenix Home Life Mut. Ins. Co.,* 990 F.2d 154, 159 (4th Cir.1993); *Brown v. Babcock & Wilcox Co.,* 589 F.Supp. 64, 71-72 (S.D.Ga.1984). Counts consistently took the position in the district court that remand was unwarranted and the only suitable course of action was excusal of the exhaustion requirement. Counts now argues that remand may be appropriate. However, "[a]n appellate court generally will not consider an issue raised for the first time on appeal ... [, especially] where the appellant pursued a contrary position before the district court." *United States v. One Learjet Aircraft,* 808 F.2d 765, 773-74 (11th Cir.), *vacated on other grounds,* 831 F.2d 221 (11th Cir.1987). We hold that Counts waived any entitlement he may have had to the remedy for deficient notice. Accordingly, we need not address whether AGLA's termination letter substantially complied with regulatory notice requirements.

Counts also argues that the district court should have excused the exhaustion requirement because AGLA blocked his efforts to exhaust by failing to answer his requests for information about its benefits decision. In *Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 846-47 (11th Cir.1990), we held that "[w]hen a plan administrator in control of the available review procedures denies a claimant meaningful access to those

procedures, the district court has discretion not to require exhaustion."  In *Curry,* the plan administrator failed to send Curry a written denial of his benefits claim.  When Curry requested copies of plan documents to pursue his claim administratively, the administrator failed to provide them.  The situation in this case was quite different.  AGLA sent Counts a written termination letter which informed him of its decision and of his right to appeal within 60 days.  Counts took no action during the 60 days.  Months later, Counts' attorney sent AGLA two letters, neither of which requested Plan documents or other specific information from AGLA. AGLA responded to both letters and offered to supply additional information upon request.  AGLA did not deny Counts meaningful access to the administrative review process.  *Curry* simply does not apply here.

Finally, Counts argues that the exhaustion requirement should not apply to his claims alleging that AGLA violated ERISA by firing him to avoid contributing to his other employee benefit plans and by withholding information about its decision.  We have consistently stated that the exhaustion requirement applies both to actions to enforce a statutory right under ERISA and to actions brought to recover benefits under a plan.  *Springer v. Wal-Mart Associates' Group Health Plan,* 908 F.2d 897, 899 (11th Cir.1990); *Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1225-27 (11th Cir.1985).  Counts asks us to depart from this precedent and hold, along with several of our sister circuits, that exhaustion is not required for claims of statutory violation.  *See Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1205 (10th

Cir.1990); *Zipf v. American Tel. & Tel. Co.,* 799 F.2d 889, 891-94 (3rd Cir.1986); *Amaro v. Continental Can Co.,* 724 F.2d 747, 750-53 (9th Cir.1984); *but see Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir.1996) (rationale for exhaustion applies equally to claims for benefits and claims based upon ERISA itself). However, even if we agreed with Counts' position, this panel lacks the authority to overrule prior panel decisions of this court. *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). Under controlling precedent, Counts was required to exhaust administrative remedies for all of his ERISA claims.

## III. CONCLUSION

Counts failed to exhaust his administrative remedies before filing this ERISA action. The district court did not abuse its discretion in refusing to excuse that failure. Accordingly, we affirm the district court's grant of summary judgment in favor of AGLA.

AFFIRMED.