Ivalene ZALKA, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, Defendant.

No. 97–4208–CIV.

United States District Court,
S.D. Florida.

April 22, 1998.

Howard Brodsky, Coconut Grove, FL,
for Plaintiff.

Jay S. Blumenkopf, Kristina Beth Pett,
Proskauer Rose, Boca Raton, FL, for Defendant.

## ORDER GRANTING SUMMARY FINAL JUDGMENT FOR DEFENDANT

JAMES LAWRENCE KING, District
Judge.

THIS CAUSE comes before the Court
on Defendant's Motion for Summary Judgment, filed March 16, 1998. Plaintiff filed
a response on April 9, 1998, and Defendant
filed a reply on April 17, 1998.

### I. Background

Plaintiff originally filed this action in
state court to recover disability benefits
under an insurance policy issued by Defendant. Defendant removed the action to
federal court, alleging that Plaintiff's
claims are governed by the Employee Retirement Income Security Act of 1974
("ERISA"), 29 U.S.C.A. §§ 1001–1425
(West Supp.1998).

Defendant issued the group long-term
disability policy to Plaintiff's former employer, Sun City Industries, in late 1990.
Plaintiff alleges that thereafter, during her
employment with Sun City Industries, she
became disabled. It is undisputed that
Defendant received Plaintiff's claim for
benefits in late February 1996, approved
the claim for the period of February 16,
1996 to March 16, 1997, and made payments to Plaintiff. When Defendant approved the claim, however, it advised
Plaintiff that her continued eligibility for
benefits would be determined on the basis
of further medical information concerning
Plaintiff's condition.

On April 2, 1997, Defendant notified
Plaintiff that she would no longer be pro-

vided with benefits because Defendant had concluded that she was no longer disabled. By letter dated May 7, 1997, Plaintiff timely appealed the denial of her claim for benefits under the policy. In order to properly review this appeal, Defendant asked Plaintiff to undergo an independent medical examination ("IME") and a Functional Capacity Evaluation ("FCE") in accordance with the policy's terms. These were scheduled for October 28, 1997 and November 10, 1997.

On October 21, 1997, Plaintiff's counsel informed Defendant that he had just been retained and requested that the IME and FCE be rescheduled. Defendant did so, rescheduling the examinations for November 25, 1997 and December 9, 1997. However, on November 20, 1997, Plaintiff's counsel notified Defendant that Plaintiff would not attend the scheduled examinations unless Defendant agreed that these would be the only examinations that she would have to undergo. Defendant refused to accept this demand. Plaintiff filed suit that same day, November 20, 1997.

Defendant argues that it is entitled to summary judgment because Plaintiff, by failing to appear for the scheduled examinations, did not allow Defendant to thoroughly review her claim and has therefore not exhausted her administrative remedies as required by ERISA. Plaintiff argues that she did exhaust her administrative remedies, or in the alternative, that this case should be stayed pending a resolution by Defendant of Plaintiff's appeal.

## II. Legal Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exits. *See Hairston v. Gainesville Sun Publ'g Co.,* 9 F.3d 913, 918 (11th Cir.1993). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the nonmoving party, then the Court should refuse to grant summary judgment. *See id.* at 919. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505.

## III. Analysis

Both parties agree that suits for benefits under ERISA are subject to the exhaustion doctrine. *See Counts v. American Gen. Life & Accident Ins. Co.,* 111 F.3d 105 (11th Cir.1997). Thus, "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Id.* at 108. A plaintiff's failure to do so warrants a grant of summary judgment for the Defendant. *See id.* at 109.

Plaintiff argues that she has exhausted her remedies. The undisputed evidence in this case, however, indicates otherwise. Plaintiff submitted her appeal of the denial of benefits on May 7, 1997. However, she did not submit further information supporting her appeal until June 24, 1997. Defendant reviewed the information and sent Plaintiff a letter on September 24, 1997 stating that it did not have sufficient information at that time to reverse its prior denial of Plaintiff's claims. Therefore, Defendant requested that Plaintiff submit to an IME. These actions by Defendant demonstrate that it substantially, if not literally, complied with the pertinent regulations requiring that an in-

surance company render a decision on an appeal within 120 days of receiving a request for review. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 180 (7th Cir.1994) (noting that "substantial compliance with the regulations is sufficient for purposes of § 503"); 29 C.F.R. § 2560.503–1(h).

By refusing to submit to the IME and immediately filing suit, however, Plaintiff precluded Defendant from completing its administrative review of her claim. Plaintiff has thus not exhausted her administrative remedies. Plaintiff argues that if the Court finds that she has not exhausted her administrative remedies, this case should be stayed pending an outcome of Defendant's review. Case law does not support this outcome. Where a plaintiff has failed to exhaust her administrative remedies, summary judgment for the Defendant is proper. *See Counts*, 111 F.3d at 109.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion for Summary Judgment be, and the same is hereby, GRANTED. Summary final judgment is hereby ENTERED for Defendant. This case is CLOSED.

DONE and ORDERED at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida.