GROSS, J.
In the lawsuit below, appellee/cross-ap-pellant Clara Futch obtained a judgment against her employer, South Florida Blood Banks, Inc., for medical costs under the Blood Bank’s health plan. We reverse, because Futch’s failure to exhaust her administrative remedies under the health plan rendered her suit premature.
The Blood Bank’s health plan was administered by Hospital Benefits, Inc. On June 28, 1995, the president of Hospital Benefits wrote Futch and told her that there was no coverage available for certain medical claims based on the plan’s “preexisting conditions limitation.” The letter advised of a right to appeal. Futch received a second letter on August 3, 1995, informing her that her claim was being forwarded to an independent evaluation company and that a final determination would be made on her claim within thirty to forty-five days. On October 16, 1995, Futch received a third letter notifying her that the independent review was complete and no benefits would be paid. The letter concludes by informing Futch that the Plan is governed by the Employment Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq., and the appeals procedure is outlined in the Summary Plan Description. Futch filed suit without seeking any administrative review of the denial of benefits.
The health plan falls under the purview of ERISA which governs any “employee benefit plan” that is “maintained for the purpose of providing for its participants ... through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits.” 29 U.S.C. § 1002(1, 3).
Plaintiffs in ERISA actions must exhaust available administrative remedies provided by their employee benefit plan as a prerequisite to bringing an action for the denial of benefits. See Counts v. American Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir.1997); Makar v. Health Care Corp. of the Mid-Atlantic (Carefirst), 872 F.2d 80, 82 (4th Cir.1989). However, the trial court has discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate. See Counts, 111 F.3d at 108. The “decision whether to apply the exhaustion requirement is committed to the [trial court’s] *726 sound discretion and can be overturned on appeal only if the [court] has clearly abused its discretion.” Curry v. Contract Fabricators Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir.1990) (citations omitted).
To substantiate a claim of futility as an excuse for not exhausting administrative remedies, a claimant must make a “ ‘clear and positive’ showing of futility.” Springer v. Wal-Mart Assocs. Group Health Plan, 908 F.2d 897, 901 (11th Cir.1990) (quoting Makar, 872 F.2d at 83); see also McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1264 (10th Cir.1998) (noting that futility exception is limited to those situations where resort to administrative remedies would be “clearly useless”) (citation omitted); Stephenson v. Provident Life & Accident Ins. Co., 1 F.Supp.2d 1326, 1331 (M.D.Ala.1998).
In Springer, 908 F.2d at 901, the eleventh circuit dismissed a lawsuit where the claimant “never pleaded futility, the issue was not raised in the pretrial order, and no evidence was offered to demonstrate futility.” The Springer court found that,
the district court made it clear that it based its sua sponte finding of futility simply on the fact that “the internal appellate reviewer is basically the same entity as the initial internal decider and ... both deciders have an interest in ‘holding costs down.’ ” This is insufficient as a matter of law, however, to establish futility. If futility were established by the mere fact that the plan administrator who makes initial benefits decisions and the trustees who review appeals share common interests or affiliations, the exhaustion of internal administrative remedies would be excused in virtually every case.... “The internal administration of such procedures is the very thing contemplated by ERISA.”
Id. (quoting Springer v. Wal-Mart Assocs. Group Health Plan, 714 F.Supp. 1168, 1176 (N.D.Ala.1989) and Amato v. Bernard, 618 F.2d 559, 569 (9th Cir.1980)).
The eleventh circuit pointed to an instance where the defendant “ ‘controlled the plan’s administrative review procedures and exercised its control to deny [plaintiff] meaningful access to those procedures,’” as an example of evidence establishing futility sufficient to support a lower court’s “exercise of discretion in excusing a plaintiffs failure to exhaust administrative remedies.” Springer, 908 F.2d at 901 n. 3 (quoting Curry, 891 F.2d at 846).
Nothing in this record demonstrates that “ ‘clear and positive’ showing of futility” that would excuse the failure to exhaust administrative remedies. We therefore hold that the trial court abused its discretion in not dismissing the lawsuit for the failure of the plaintiff to utilize the health plan’s internal appeals process. See 908 F.2d at 901. In this case, to allow Futch to pursue her claim in court would be to contravene Congress’s intent that health plan fiduciaries, and not courts, “have primary responsibility for claims processing” and invite “premature interference with an employee benefit plan’s remedial provisions.” Makar, 872 F.2d at 83 (citations omitted); see Springer, 908 F.2d at 900 (“It is undisputed that beneficiaries of ERISA-governed plans have the eventual right to seek federal court review of benefit denials ... however ... a strong policy favoring such exhaustion underlies the statutory scheme.”) (citations omitted).
REVERSED AND REMANDED.
GUNTHER and SHAHOOD, JJ„ concur.