[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2006
THOMAS K. KAHN
CLERK

No. 05-15321
Non-Argument Calendar

————————

D. C. Docket No. 03-80943-CV-JCP

FREDERICK DAHLMEIER,

Plaintiff-Appellant,

versus

FORTIS BENEFITS INSURANCE COMPANY,

Defendant-Appellee.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

**(June 29, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

In this appeal, appellant Frederick Dahlmeier ("Dahlmeier") argues that the district court erred in granting appellee Fortis Benefits Insurance Company's ("Fortis Benefits") motion for summary judgment on the basis of his failure to exhaust administrative remedies. We disagree and affirm.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion. *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1314-15 (11th Cir. 2000).

Here, it is undisputed that Dahlmeier failed to exhaust the administrative remedy outlined in the Group Claim Denial Review Procedure. "Our law is well-settled that 'plaintiffs in ERISA actions must exhaust available remedies before suing in federal court.'" *Id.* at 1315 (quoting *Counts v. Amer. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997)). "However, a district court has the sound discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate, . . . or where a claimant is denied meaningful access to the administrative review scheme in place." *Id.* (internal citations and quotation marks omitted). "The decision of a district court to apply or not apply the exhaustion of administrative remedies requirement for ERISA claims is a highly discretionary decision which we review only for a *clear* abuse of discretion." *Id.* at 1315.

After carefully reviewing the record, we conclude that the district court did not abuse its discretion in applying the exhaustion requirement to Dahlmeier's claim.  Therefore, we affirm the district court's grant of summary judgment.[1]

**AFFIRMED.**

---

[1]Even if we concluded that the district court misapplied the exhaustion requirement, we would still affirm the grant of summary judgment because Fortis Benefits' decision on Dahlmeier claim for benefits was reasonable and correct.