**James Larry HARRIS, Plaintiff,**

v.

**HARTFORD LIFE & ACCIDENT INSURANCE CO., Defendant.**

**Civil Action No. 2:07cv508–WHA.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 12, 2008.

---

Clifford Wayne Cleveland, Cleveland & Colley, P.C., Prattville, AL, for Plaintiff.

Anne Laurie Smith, Phillip Russel Myles, McDowell, Knight, Roedder & Sledge, L.L.C., Mobile, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

W. HAROLD ALBRITTON, Senior District Judge.

### I. INTRODUCTION

This case is before the court on Hartford Life & Accident Insurance Company's ("Hartford") Motion for Summary Judgment (Doc. #19), filed on November 28, 2007.

The Plaintiff, James Larry Harris ("Harris"), originally filed a Complaint in the Circuit Court of Montgomery County, alleging state law claims. Hartford re-moved the case to this court on the basis of federal question jurisdiction, stating that Harris's state law claims were completely preempted by the Employment Retirement Income Security Act ("ERISA"). No motion to remand was filed.

Hartford filed a Motion to Dismiss the state law claims. Harris filed no objection to the Motion after being given an opportunity to do so, and the Motion was granted by this court. The court gave Harris time in which to file an Amended Complaint and Harris timely filed an Amended Complaint bringing an ERISA claim. Hartford now moves for summary judgment as to that claim on the basis of Harris's failure to exhaust administrative remedies.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed

to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. *FACTS*

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

The Plaintiff, James Larry Harris, suffers from a condition diagnosed as choroidal neovascularization which causes blindness. Harris filed for worker's compensation benefits with his employer and the benefits were denied. According to Harris's brief, at his employer's suggestion, Harris filed for disability benefits through insurance coverage with his employer.

Defendant Hartford Life and Accident Company denied disability benefits, stating that the disability was work-related, based on Harris's representation that his disability related to his occupation as a welder. Hartford advised Harris by letter that he could submit additional information, including a letter of denial of worker's compensation, and a signed/dated worker's compensation reimbursement agreement. Defendant's Exhibit B. Hartford also advised him that he had a right to appeal Hartford's determination, and that he could do so even if he did not have new information to submit. *Id.* Hartford further informed him that after his appeal, if Hartford again denied his claim, then he would have a right to bring a civil action under ERISA. *Id.* Despite being so-advised, it is apparently undisputed that Harris submitted no additional information and did not appeal Hartford's denial of benefits.

A worker's compensation case has been filed in state court, that case has been tried, and parties to the action are waiting for a ruling from the court.

## IV. *DISCUSSION*

Hartford has argued that it is entitled to summary judgment because Harris was afforded, and notified of, but did not exhaust, administrative remedies upon the denial of his claim for benefits.

It is clear under Eleventh Circuit law that a plaintiff must exhaust a plan's administrative remedies before bringing an ERISA suit. *Counts v. American General Life and Acc. Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997). A district court has the discretion "to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate," *Counts,* 111 F.3d at 108, or where a claimant is denied "meaningful access" to the administrative review scheme in place. *Perrino v. Southern Bell Tel. & Tel. Co.* 209 F.3d 1309, 1315 (11th

Cir.2000). The test for "futility" is not whether the "claims would succeed, but whether the employees could have availed themselves of the grievance procedure." *Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1224 (11th Cir.1985), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986).

Harris does not dispute the factual basis for the motion for summary judgment. Instead, he urges this court to stay this action pending disposition of the state court worker's compensation case. He states that if the state court case is resolved in favor of the employer, with a finding that Harris's disability is not work-related, he would be greatly prejudiced by a dismissal of this action.

Hartford responds that it would be inappropriate to stay this case because, even if the state court were to determine that Harris's disability is not work-related, that information was not before Hartford at the time of its determination that the disability is work-related, and could not be considered in a review of Hartford's determination.

■ A court's review of a denial of benefits is limited to the evidence that was before the ERISA administrator when the claim for benefits was denied. *Lee v. Blue Cross/Blue Shield of Ala.,* 10 F.3d 1547, 1550 (11th Cir.1994). As Hartford points out, the Eleventh Circuit, albeit in an unpublished opinion, has determined that a district court reviewing a denial of a claim for benefits did not err in refusing to consider a plaintiff's award of social security long term benefits that was made ten months after Hartford's decision to deny long term benefits. *Richards v. Hartford Life & Acc. Ins. Co.,* 153 Fed.Appx. 694, 697 n. 1 (11th Cir.2005). This court agrees with Hartford, therefore, that the outcome of the state court case would not be a relevant consideration in a review of the denial of benefits in the instant case.

In addition, Harris does not argue, and this court does not conclude under applicable Eleventh Circuit law, *see Counts,* 111 F.3d at 108, *Perrino,* 209 F.3d at 1315, that the state court case is a basis for excusing Harris's failure to exhaust his administrative remedies.

■ The law requires a plaintiff to exhaust administrative remedies before bringing an ERISA suit. This allows the claimant a final possibility of the claim being resolved favorably without the need of filing a lawsuit. Hartford advised Harris of his administrative remedy of appeal before suit. Harris did not appeal, but filed this suit. A stay pending the outcome of the worker's compensation suit in state court would not change the fact that this ERISA suit was filed before exhausting the plan's administrative remedies. Accordingly, the Plaintiff's request for a stay is not well-taken, and the Motion for Summary Judgment is due to be GRANTED. *Counts,* 111 F.3d at 109 (affirming district court's grant of summary judgment where district court refused to excuse a failure to exhaust administrative remedies).

## V. CONCLUSION

For the reasons discussed, the court concludes that the Motion for Summary Judgment (Doc. # 19) is due to be and is hereby ORDERED GRANTED. A separate Judgment will be entered.

### FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order entered on this date and previous Orders of the court, Judgment is hereby entered in favor of the Defendant, Hartford Life & Accident Insurance Company, and against the Plain-

tiff, James Larry Harris, and this suit is DISMISSED without prejudice.

Costs are taxed against the Plaintiff.