[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 24, 2008
THOMAS K. KAHN
CLERK

No. 07-14752
Non-Argument Calendar

D.C. Docket No. 01-01077-CV-1-MEF-SRW

ROBBIN CROMER-TYLER, M.D.,

Plaintiff-Appellee-
Cross Appellant,

versus

EDWARD R. TEITEL, M.D., P.C., and
Edward R. Teitel, individually and as Plan Administrator
of the Edward R. Teitel, M.D., P.C. Profit Sharing Plan and
Trust, and Edward R. Teitel, M.D., P.C., Money Purchase Pension Plan,

Defendants-Appellants-
Cross Appellees.

Appeals from the United States District Court
for the Middle District of Alabama

**(September 24, 2008)**

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

## I. Background

Dr. Robbin Cromer-Tyler worked as a physician for Edward R. Teitel, M.D., P.C. ("The Professional Corporation") from 1994 to 1997. During her employment with The Professional Corporation, Cromer-Tyler became a participant in the Edward R. Teitel, M.D., P.C. Profit Sharing Plan ("Profit Sharing Plan") and the Edward R. Teitel, M.D., P.C. Money Purchase Pension Plan ("Money Purchase Plan"). Dr. Teitel, the sole shareholder of The Professional Corporation, was administrator of both the Profit Sharing Plan and the Money Purchase Plan.

Olde Discount Corporation, the custodian for the accounts under the Profit Sharing Plan and the Money Purchase Plan, began sending Cromer-Tyler statements for both plans shortly after her employment with The Professional Corporation ended. Cromer-Tyler then learned that other employees of The Professional Corporation had received instructions on the procedure for obtaining distributions from both plans. Cromer-Tyler contacted Olde Discount Corporation to obtain information about distributions. Olde Discount Corporation directed her to address her inquiries to Teitel, who, on September 10, 1998, informed Cromer-Tyler by letter that she had no vested account balance in either plan and was not entitled to any distributions. On September 28, 1998, Cromer-Tyler's attorney

2

wrote a letter to Teitel asking him to provide certain documents and vesting schedules for both retirement plans. In November of 1998, Teitel sent Cromer-Tyler a copy of a prototype profit sharing plan and an Adoption Agreement for the Profit Sharing Plan.

Cromer-Tyler sued pursuant to ERISA, claiming that because she is a participant in the Profit Sharing Plan and Money Purchase Plan, she is entitled to statutory penalties for Teitel's failure to provide her with the documents requested on September 28, 1998, distributions of the entire account balances in the Plans, and attorney's fees. The suit was brought against Teitel both individually and as Administrator for the Plans, and against Teitel's Professional Corporation.

The district court dismissed on summary judgment Cromer-Tyler's claim for distribution under the Profit Sharing Plan, holding that Cromer-Tyler did not exhaust her administrative remedies. The district court refused to dismiss the claim based on the Money Purchase Plan, however, holding that since no documentation regarding the plan was ever sent to Cromer-Tyler, and accordingly no opportunity provided for meaningful access to the Money Purchase Plan's review procedures, the exhaustion requirement was excused.

Following a bench trial, the district court entered judgment in favor of Cromer-Tyler on her claim for statutory penalties based on Teitel's failure to respond to her request for Money Purchase Plan documentation, and on her claim for a distribution of the account balance in the Money Purchase Plan. Additionally, the district court awarded attorney's fees to Cromer-Tyler.

Teitel appeals both the judgment following the bench trial and the award of attorney's fees. Cromer-Tyler cross-appeals the dismissal of her claim for a distribution under the Profit Sharing Plan. For the reasons discussed below, we affirm the judgment following the bench trial and the award of attorney's fees, and reverse the dismissal of Cromer-Tyler's claim for a distribution under the Profit Sharing Plan.

## II. Discussion

A.      *The district court properly excused the exhaustion requirement for Cromer-Tyler's claim for a distribution of assets in the Purchase Money Plan.*

Teitel first argues that there is no statutory exception to the exhaustion requirement which is applicable here, and so the district court clearly abused its discretion in excusing the exhaustion requirement for the Purchase Money Plan. We disagree. Teitel, who controlled the Money Purchase Plan's administrative review procedures, denied Cromer-Tyler meaningful access to those review

4

procedures, and so the district court properly excused the requirement that Cromer-Tyler exhaust her administrative remedies before filing suit.

B.      *Cromer-Tyler's request for documents was sufficiently specific to constitute a request under* 29 U.S.C. § 1024(b)(4).

Teitel next argues Cromer-Tyler's request for plan documents was not specific enough to be cognizable as a request under 29 U.S.C. § 1024(b)(4). This argument is without merit, as is Teitel's contention that he provided Cromer-Tyler with all required documents.

C.      *The district court did not err in imposing the statutory penalty provided for in* 29 U.S.C. § 1132(c)(1) *on Teitel personally.*

Teitel next argues that the district court erred in imposing on him personally the penalty provided for in 29 U.S.C. § 1132(c)(1). We disagree.

Under ERISA, a plan administrator, upon the request of a participant, is required to furnish a participant a "summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). If an administrator fails to provide information he is required by the statute to furnish upon request, the district court, in its discretion, may hold

the administrator "personally liable" to the participant in an amount up to $110 a day. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

On September 28, 1998, Cromer-Tyler sent a letter to Teitel asking for the plan agreements, vesting information, and documentation of IRS approval of the plans. Teitel did not furnish any documentation relating to the Money Purchase Plan until April 21, 2003, some four and a half years after Cromer-Tyler requested it. The statute plainly requires an administrator to furnish a participant such as Cromer-Tyler the information she requested. The statute plainly permits a district court to impose the penalty on the administrator personally if he fails to furnish such information when requested.

Teitel cites no case law which suggests a different understanding of the statute. The cases in Teitel's brief deal with the imposition of liability on a corporate shareholder or officer who is *not* the plan administrator, or the imposition of 29 U.S.C. § 1132(c)(1) penalties on an administrator for violations of duties imposed on the plan and not the administrator, and so are inapposite here. We hold the district court did not err in imposing the penalty on Teitel personally.

D.    *The district court did not err in awarding attorney's fees.*

Teitel next argues that the district court erred in awarding attorney's fees. We disagree. The district court did not abuse its discretion in analyzing whether an award of attorney's fees is proper under the five factors found in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980). There is ample evidence in the record to support the district court's award of attorney's fees.

E.    *The district court did err in dismissing Cromer-Tyler's claim for a distribution under the Profit Sharing Plan.*

Cromer-Tyler cross-appealed the district court's dismissal of her claim under the Profit Sharing Plan. Cromer-Tyler argues that because Teitel's letter informing her that all her benefits under the Profit Sharing Plan were terminated was inadequate, the district court should have remanded her claim to the plan administrator so that she could make an out-of-time appeal. We agree.

The appropriate remedy for an inadequate benefits determination letter is "remand to the plan administrator for an out-of time administrative appeal." *Counts v. Am. Gen. Life and Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). For a benefit determination letter to be adequate, it must contain the specific reason for the determination, reference to the specific plan provisions on which the determination is based, and a description of the plan's procedures for

review of the claim and the applicable time limits. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(g).

In this case, Teitel's September 10, 1998 letter to Cromer-Tyler notifying her that she was not vested in the Profit Sharing Plan and accordingly had no rights under it was an inadequate benefits determination letter. It provided a determination of benefits without stating a specific reason for the determination. It did not specify the particular provision on which the determination was based. Finally, it did not describe the procedures necessary to review the claim. Teitel argues he then supplemented this letter with a copy of the Profit Sharing Plan, which contained the proper review procedures, and so the determination letter was adequate. At a minimum, however, the benefit determination letter still did not specify the reason for the determination, nor did it specify the precise provisions upon which the determination was based, as required by statute. Accordingly, the benefit determination letter was inadequate.

Teitel argues next that even if the letter he provided was inadequate, remand is only appropriate if the letter is an adequate determination of benefits after a claim has been made, and since Cromer-Tyler made no claim here, remand is inappropriate. In this case, Cromer-Tyler asked both the custodian of the Plans and Teitel for information which would allow her to request a distribution under

8

the Plans. Teitel cannot avoid the statutory and regulatory requirements of a benefit determination letter merely by preemptively terminating the benefits of participants who are attempting to obtain the information necessary to make a claim, then refusing to answer correspondence requesting more information.

Because Teitel's benefit determination letter was inadequate, the district court should have remanded the case for Cromer-Tyler to appeal her claim for a distribution under the Profit Sharing Plan before the plan administrator.

## III. Conclusion

For the reasons discussed above, we affirm the judgment following the bench trial and the award of attorney's fees, reverse the district court's dismissal of Cromer-Tyler's claim for a distribution under the Profit Sharing Plan, and remand to the district court for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.