# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1364

_____

| | | |
|---|---|---|
| Joeffre Kolosky, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| UNUM Life Insurance Company | * | [UNPUBLISHED] |
| of America, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2006
Filed: May 22, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

UNUM Life Insurance Co. of America (UNUM) appeals from the district court's order denying UNUM summary judgment and granting Joeffre Kolosky partial summary judgment on his claim alleging wrongful denial of long-term disability (LTD) benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). We reverse in part and remand the case to the district court for further proceedings consistent with this opinion.

Kolosky was terminated from his employment with Fairview Hospital and Healthcare Services (Fairview) on January 28, 2000. While employed by Fairview,

he had LTD coverage under a policy issued by UNUM (the policy). Alleging disability from depression, Kolosky sought LTD benefits under the policy. UNUM, the plan administrator, denied Kolosky's claim. Kolosky brought this action under section 1132(a)(1)(B), and thereafter the parties filed cross-motions for summary judgment.

The district court held that UNUM's dual role as both insurer and plan administrator created a palpable conflict of interest and that UNUM's reliance on the opinions of in-house medical professionals over those of Kolosky's treating physicians was both a serious procedural irregularity and a serious breach of a fiduciary duty in UNUM's discretionary decision-making role. The district court therefore concluded that UNUM's denial of Kolosky's request for LTD benefits was not entitled to the deferential abuse-of-discretion review ordinarily afforded a plan administrator with discretionary authority. See Pralutsky v. Met. Life Ins. Co., 435 F.3d 833, 837 (8th Cir. 2006) (where plan reserves discretionary authority to plan administrator, courts ordinarily review administrator's benefits decision deferentially, considering whether administrator abused its discretion); Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998) (less deferential review than abuse-of-discretion review applies where claimant presents material, probative evidence demonstrating that (1) palpable conflict of interest or serious procedural irregularity existed, which (2) caused serious breach of plan administrator's fiduciary duty). Applying the less deferential review standard set forth in Woo, 144 F.3d at 1162 (requiring that denial of benefits be supported by "substantial evidence bordering on a preponderance"), the district court determined that UNUM's decision was not sufficiently supported by the evidence and that as a matter of law Kolosky was entitled to LTD benefits for a period of twenty-four months. The district court granted partial summary judgment for Kolosky and awarded him damages in the amount of $14,400.

On appeal, UNUM contends that (1) the less deferential review standard should not have been applied; and (2) even under the less deferential standard, its decision

should be upheld because (a) substantial evidence in the administrative record showed that Kolosky was not continuously disabled through the elimination period, and (b) Kolosky's coverage had lapsed upon his termination from employment with Fairview. Notwithstanding his failure to file a cross-appeal, Kolosky contends that he should receive LTD benefits for more than twenty-four months.

We review de novo both the district court's grant of summary judgment and its determination of the appropriate standard for reviewing UNUM's benefits-eligibility decision. See Phillips-Foster v. UNUM Life Ins. Co., 302 F.3d 785, 794 (8th Cir. 2002). We conclude that the district court erred in applying the less deferential standard of review.

Assuming that Kolosky satisfied the first prong of the Woo test, he failed to satisfy the second prong of the Woo test because he made no showing of a causal connection between the presumed conflict of interest and UNUM's benefits-eligibility decision. See Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 973 (8th Cir. 2003) (defendant had palpable conflict of interest as insurer and plan administrator, but evidence did not establish that conflict affected its eligibility decision and therefore less deferential review was not warranted); Barnhart v. UNUM Life Ins. Co., 179 F.3d 583, 589 & n.9 (8th Cir. 1999) (second prong of Woo test "presents a considerable hurdle for plaintiffs"; claimant required to show "connection" between plan administrator's "financial interest" and its "ultimate decision").

Moreover, to the extent the district court reasoned that UNUM's reliance upon the opinions of in-house physicians over treating physicians constituted a procedural irregularity, we find its analysis wanting. "In determining whether procedural irregularities occurred, we consider whether the plan administrator's decision was made without reflection or judgment, such that it was the product of an arbitrary decision or the plan administrator's whim." Parkman v. Prudential Ins. Co., 439 F.3d 767, 772 n.5 (8th Cir. 2006) (per curiam) (internal quotation marks omitted).

-3-

Examples of such procedural irregularities include instances in which "the plan trustee does not inquire into the relevant circumstances at issue; [or] where the trustee never offers a written decision, so that the applicant and the court cannot properly review the basis for the decision." Buttram v. Cent. States, Se. & Sw. Areas Health & Welfare Fund, 76 F.3d 896, 900 (8th Cir. 1996). More generally, such a procedural irregularity may be found where the conduct was so egregious "that the court has a total lack of faith in the integrity of the decision making process." Id. In Woo, 144 F.3d at 1161, we found that a procedural irregularity occurred when the plan administrator, confronted with medical evidence and two treating physicians' opinions indicating in retrospect that the claimant had been disabled by a rare and previously undiagnosed disease, nevertheless determined that the claimant was not disabled even though the plan administrator had not had a medical expert on the disease review the claim. Given those circumstances, we found a failure to use proper judgment, which, combined with a financial conflict of interest, established "egregious conduct." Id. at 1162. By contrast, in the case at bar, UNUM turned to its in-house physicians to review and assess Kolosky's medical records and treating physicians' reports, which undisputedly contained some inconsistencies and contradictions regarding whether Kolosky actually suffered from depression within the relevant time frame. The fact that UNUM thereafter decided that Kolosky was not disabled based upon the reviewing physicians' opinions does not suggest that the decision was made without reflection or judgment or that it was the product of arbitrariness or whim. Accordingly, the district court erred in failing to apply the abuse-of-discretion standard in reviewing UNUM's LTD benefits decision.

We reverse the district court's rulings on the parties' cross-motions for summary judgment regarding UNUM's decision to deny Kolosky LTD benefits under the policy. We remand the case to the district court solely to review anew UNUM's LTD benefits decision under an abuse-of-discretion standard.

_____