# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-2960

_____

Joeffre Kolosky,                        *

                                *

           Appellant,          *

                                *   Appeal from the United States

     v.                     *   District Court for the

                                *   District of Minnesota.

UNUM Life Insurance Company of    *

America,                      *   [UNPUBLISHED]

                                *

          Appellee.           *

_____

Submitted:  October 17, 2008
Filed:  November 4, 2008

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this appeal following a limited remand, see Kolosky v. UNUM Life Ins. Co. of Am., 182 Fed. Appx. 607, 609-10 (8th Cir. 2006) (unpublished per curiam), Joeffre Kolosky challenges the district court's[1] adverse grant of summary judgment in favor of UNUM Life Insurance Co. of America (UNUM), on his claim related to long-term disability (LTD) benefits.  Upon careful review, we conclude that the district court did not err in its summary judgment decision, see Kozisek v. County of Seward, Neb., 539

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

F.3d 930, 934 (8th Cir. 2008) (de novo standard of review), especially in light of the lack of evidence that UNUM's conflict of interest affected its benefits decision. See Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348-52 (2008) (where plan administrator and insurer are same, conflict exists, but abuse-of-discretion judicial review standard still applies; under such circumstances, conflict is "but one factor among many that a reviewing judge must take into account" in deciding whether abuse of discretion occurred; noting that conflict of interest becomes more important "where circumstances suggest a higher likelihood that it affected the benefits decision"); Black & Decker Disability Plan v. Nord, 538 U.S. 822, 829-34 (2003) (special deference need not be afforded to treating physicians' opinions in ERISA cases); McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924-25 (8th Cir. 2004) (plan administrator's denial of LTD benefits was not abuse of discretion where claimant's medical records lacked reliable objective evidence to support finding of LTD).

We further conclude that Kolosky is not entitled to relief on issues outside the scope of the limited remand. Cf. United States v. Walterman, 408 F.3d 1084, 1085 (8th Cir. 2005) ("[w]here a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration"); Kessler v. Nat'l Enters., Inc., 203 F.3d 1058, 1059-60 (8th Cir. 2000) (on appeal after remand, dismissing cross-appeal raising issue not preserved by cross-appeal at time of first appeal; general rule is that, where argument could have been raised on initial appeal, it is inappropriate to consider that argument on second appeal after remand).

The judgment is affirmed. See 8th Cir. R. 47B.

_____