# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2651

_____

| | | |
|---|---|---|
| Donna J. Farfalla, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Mutual of Omaha Insurance Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 17, 2003

Filed: April 3, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This case involves a decision by the Mutual of Omaha Insurance Company (Mutual) to deny Donna Farfalla long-term disability benefits. Following a trial on Ms. Farfalla's action based on the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1101-1461, the district court[1] granted judgment in favor of Mutual. We affirm.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

I.

Mutual was the claims administrator for a long-term disability plan that Creighton University, Ms. Farfalla's former employer, provided to its employees. (Creighton was the plan administrator, but Mutual retained responsibility for investigating and deciding claims.) Where a disability plan gives an administrator "discretionary authority to determine eligibility for benefits," as the present plan does, a court usually reviews the administrator's decision for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). A less deferential standard of review, however, is required when the claimant presents "material, probative evidence demonstrating that" there exists "a palpable conflict of interest" or "a serious procedural irregularity" that caused a "serious breach" of the administrator's fiduciary duty to the claimant. *See Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998).

We agree with the district court's conclusion that an abuse-of-discretion standard is appropriate here, for although Mutual had a "palpable conflict of interest" because it served both as administrator and insurer of the plan (and no "ameliorating circumstances," as our case law terms them, exist), *see Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 948 (8th Cir. 2000) (internal quotations omitted), we do not believe that the conflict affected Mutual's determination. Less deferential review is warranted only when the conflict of interest or procedural irregularity "give[s] rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the ... administrator's whim." *Id.* (internal quotations omitted).

The facts are undisputed. Under the plan, Ms. Farfalla was entitled to total disability benefits for twenty-four months if she was unable to perform the functions of her job. Thereafter, however, she became entitled to total disability benefits only if she could not "work for pay at any job for which [she was] reasonably fitted by education, training, or experience." When Ms. Farfalla fractured her wrist, which

adversely affected her performance as a cardiac arrhythmia technician, she filed a claim for long-term disability benefits, which Mutual paid for two years.

During this two-year period, Ms. Farfalla suffered other injuries (and experienced complications from her first one), and Mutual continued to monitor her condition. An in-house reviewing physician noted his belief that she no longer qualified as totally disabled based on her job description, and recommended a functional capacity assessment (FCA). The FCA revealed that she had difficulty with such tasks as typing and manipulating small objects, but that she was able to work at a medium physical capacity for occasional lifting and carrying. Dr. Jeffrey Tiedeman, Ms. Farfalla's treating physician, soon thereafter reviewed the FCA and released Ms. Farfalla for certain work. A few months later, she underwent surgery for carpal tunnel syndrome, after which Dr. Tiedeman again released her to return to work (with named restrictions). Despite job placement assistance from Mutual, Ms. Farfalla was unable to find employment.

At the end of the two-year period, Mutual terminated Ms. Farfalla's benefits. She appealed the decision and underwent two additional FCAs. These FCAs confirmed that she might have difficulty with certain tasks but noted that "she would be able to use the hands for gross manipulation" and could lift and carry certain items. Dr. Tiedeman reviewed the FCA and endorsed its recommendations as to the type of work that Ms. Farfalla could perform. Mutual then submitted the claim for medical peer review. The physician who performed the review concluded, based on Ms. Farfalla's records, that she "was able to perform some occupation as of January 1, 1997," but noted that "she may have some yet undiagnosed and untreated mental/nervous condition" that, though not rendering her "unable to work on that basis," might have contributed to her perception that she was disabled. Mutual then upheld its previous denial of benefits. Around a year and a half later, Ms. Farfalla was awarded social security disability benefits on account of fibromyalgia and related problems.

In our view, Mutual exhibited ample "reflection and judgment" before denying Ms. Farfalla's claim. *Cf. Clapp v. Citibank, N.A. Disability Plan (501)*, 262 F.3d 820, 828 (8th Cir. 2001). Mutual did not merely use an in-house medical consultant to review Ms. Farfalla's claim; it sought independent review. Nothing in her records, her treating physician's opinion, or the FCAs ever indicated that she was unable to perform any job for which she was "reasonably fitted by education, training, or experience." *Cf. Heaser v. Toro Co.*, 247 F.3d 826, 833-34 (8th Cir. 2001).

Ms. Farfalla points to her later diagnosis of fibromyalgia and the fact that the peer review physician referred to an "undiagnosed and untreated mental/nervous condition," and argues that Mutual had an obligation to investigate further. We disagree. Even where a claimant is diagnosed with fibromyalgia before the administrator's final denial of benefits, the decision not to seek a specialist to review the total disability claim does not necessarily constitute a "serious breach" of the administrator's fiduciary duty. *See Clapp*, 262 F.3d at 827-28; *cf. Heaser*, 247 F.3d at 834. Given the steps that Mutual took to investigate Ms. Farfalla's claim here, we do not believe that further evaluation of her condition was required before denying her total disability benefits.

## II.

We turn next to the question of whether the district court erred in upholding Mutual's decision. Mutual's determination is entitled to stand if it is supported by substantial evidence, *see Ferrari v. Teachers Ins. & Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002), and in reviewing that determination we will "consider only the evidence that was before the administrator when the claim was denied." *Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 777 (8th Cir. 1998).

Ms. Farfalla contends that the district court erred because, among other things, she suffered from numerous other medical difficulties besides her wrist injury, the

purpose of the plan is to benefit disabled employees, and Ms. Farfalla was later deemed to be totally disabled by the Social Security Administration (SSA).

We disagree. First, there is no evidence anywhere in the record that Ms. Farfalla's condition met the definition of total disability that applied when her initial benefits were terminated, and there is considerable evidence to the contrary. *Cf. Heaser*, 247 F.3d at 834. Second, the purpose of the Plan is to benefit all covered employees, a purpose that is not furthered by paying an uncovered claim. *Cf. Tillery v. Hoffman Enclosures, Inc.*, 280 F.3d 1192, 1199-1200 (8th Cir. 2002). Third, an "ERISA plan administrator or fiduciary generally is not bound by a[n] SSA determination that a plan participant is 'disabled,' " even when the plan's definition of disabled is similar to the definition the SSA applied. *See Jackson v. Metro. Life Ins. Co.*, 303 F.3d 884, 889 (8th Cir 2002). The onset date of Ms. Farfalla's SSA disability, moreover, was later than Mutual's reconsideration and denial of her claim. For these reasons and those expressed by the district court, we thus conclude that the district court did not err by entering judgment in favor of Mutual.

### III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-