[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11978
_____

D.C. Docket No. 4:10-cv-03230-VEH


SHERYL HARVEY,

Plaintiff - Appellant,

versus


STANDARD INSURANCE COMPANY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 14, 2013)

Before BARKETT and JORDAN, Circuit Judges, and SCHLESINGER,[*] District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

Sheryl Harvey appeals from an adverse summary judgment upholding as reasonable Standard Insurance Company's ("Standard") denial of Harvey's claim for long-term disability ("LTD") benefits under her employer's group policy as governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Harvey applied for disability benefits on April 13, 2009, stating that pain was preventing her from doing her job as a bookkeeper, and submitted her physician's statement indicating a diagnosis of lumbar disc degeneration and scoliosis, with symptoms of back and leg pain and a recommendation that she return in six weeks for follow-up. Harvey's physician did not provide information concerning Harvey's level of functional impairment or what amount of work activity she could handle. Standard approved Harvey's claim for short-term disability benefits for a period of thirty days and requested that she provide additional information.

Before approving Harvey to transition from short-term to LTD benefits, Standard had Harvey's medical records reviewed by an Independent Physician Consultant Board-Certified in Physiatry and by a Vocational Consultant. Based on the recommendation of these two consultants, who both indicated that Harvey could perform sedentary work activities, and its own review of the medical

2

records, Standard determined that Harvey was not eligible for LTD benefits. Harvey appealed and was interviewed by Standard's benefits review specialist, who requested additional medical records from Harvey's treating physician and from a pain management clinic. Standard had another Independent Physician Consultant, specializing in Physiatry, review all of Harvey's medical records, including the latest ones from her physician and pain management clinic. He also concluded that Harvey could perform sedentary level work activities. Standard's administrative review unit upheld the denial of Harvey's LTD benefits and notified her of its decision on March 15, 2010.

Thereafter, Harvey, now through an attorney, requested the opportunity for another administrative review of Standard's denial of her claim and notified Standard that Harvey had a pending claim for Social Security disability benefits. Standard notified Harvey's attorney that it had already completed Harvey's one administrative review as required by the LTD benefits policy but that it would agree to perform a voluntary "extra-contractual" review, which would not be subject to any regulatory timeframe. Harvey submitted additional information to Standard, including Harvey's affidavit, medical records, a vocational report and a copy of the Social Security Administration's award of disability benefits to Harvey. Standard sought further review from a third Independent Physician

3

Consultant and a second Vocational Consultant.  However, before Standard issued its decision on the voluntary "extra-contractual" review, Harvey filed this lawsuit.

We review de novo the district court's decision affirming the ERISA plan administrator's decision regarding benefit eligibility, applying the same standards as the district court.  Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011).  Although ERISA does not provide a standard by which to evaluate a plan administrator's benefits determination, we have established a six-step process[1] based on guidance from the Supreme Court in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) and Metro. Life Ins. Co. v. Glenn, 554

---

[1] The six-steps require a reviewing court to:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

> (5) If there is no conflict, then end the inquiry and affirm the decision.

> (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

Blankenship, 644 F.3d at 1355.

4

U.S. 105 (2008). See also Doyle v. Liberty Life Assurance Co. of Boston, 542

F.3d 1352 (11th Cir. 2008).

Harvey first argues that we should review her claim de novo and not apply

the six-step deferential analysis because Standard's failure to provide a decision on

her voluntary "extra-contractual" appeal should be deemed a denial of her claim

without having been provided a full and fair review that comports with ERISA

requirements. She argues that some courts have suggested that "deemed denied"

claims are subject to de novo review and do not require courts to give deference to

the plan administrator. We find no merit to this argument because she received not

only a timely decision on her initial claim (it was denied) but also a full

administrative appellate review of her claim in accordance with the terms of her

LTD benefits policy (which upheld the denial of her claim). At that point, Harvey

was free to file suit in federal court having exhausted her administrative remedies

under her LTD benefits policy, yet she requested Standard to conduct an additional

administrative review of her claim, which Standard was not contractually bound,

but voluntarily agreed, to do. Harvey was not denied a full and fair administrative

review of her claim as her LTD benefits policy only required one administrative

appeal for purposes of exhaustion and the regulations governing voluntary appeals

do not provide any time frame for decision-making. Thus, that Harvey chose not

to wait for a decision on her voluntary appeal but instead filed this suit does not

5

mean that she was denied a full and fair administrative review and final decision on her claim.

Next, we find no merit in Harvey's argument that the district court erred in its conclusion that Standard's structural conflict of interest did not render its denial of her claim unreasonable and that Standard disregarded several pieces of evidence that show that she is disabled and that the district court erred as well in failing to consider that evidence. She points out that she submitted her favorable Social Security Administration determination of disability, a vocational expert's, Dr. William Crunk's, report confirming Harvey's disability, the medical records of Dr. Michael Kendricks, a pain management specialist, and her own affidavit, which all support her claim of disability. However, the district court correctly determined that Standard did not unreasonably disregard these documents as they were not submitted to Standard until after it had rendered a final decision on her administrative appeal on March 15, 2010. Instead, Harvey submitted these documents as part of her subsequent voluntary review, on which she chose not to wait for Standard's decision, but instead filed this suit on her original claim, which she had a right to do. See Blankenship, 644 F.3d at 1354. ("Review of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision."). Therefore only the

record before Standard during its consideration of Harvey's initial claim or administrative review thereon is relevant.

Harvey also argues that Standard's decision was unreasonable because Standard accepted the opinions of its alleged biased record reviewers over the opinion of Harvey's treating physician. Each of Standard's record reviewers acknowledged that Harvey had degenerative disc disease, but concluded that Harvey could perform sedentary work level activities with a sit/stand work accommodation. On the other hand, Harvey's physician diagnosed her with lumbar disc degeneration and scoliosis, but never provided information regarding her level of functional impairment or the amount of work activity in which she could engage, despite Standard's request for such additional information. Harvey simply fails to explain what specific opinion of her treating physician Standard failed to credit in favor of its reviewers.

Instead, Harvey argues that because Standard paid the independent consultant physicians for their work in reviewing Harvey's medical records, and for reviewing medical records on other claims generally, that they were necessarily biased in favor of Standard such that Standard's denial of Harvey's claim for LTD benefits was unreasonable. The record does not support evidence of bias. The record evidence shows that the independent consultants acknowledged that Harvey's medical records supported a finding of mild degenerative disc disease

7

and they, along with a vocational consultant, concluded that Harvey could perform sedentary level work activities.  The report from Harvey's treating physician failed to address the question of Harvey's functional impairment and ability to work, thus, we cannot say that it was unreasonable for Standard to credit the reviews of its independent consultants.

Harvey finally argues that because Standard approved Harvey's claim for short-term disability benefits that its subsequent denial of her claim for LTD benefits demonstrates a conflict of interest.  Harvey fails to explain why these two decisions are inconsistent or why they demonstrate that Standard's conflict of interest tainted its decision on her claim for LTD benefits.  The two forms of benefits are covered under two different policies with two different definitions of disability.  Moreover, the statement from Harvey's treating physician indicated that her disabling condition prevented her from working for six weeks but did not offer any further opinion her inability to work after the six weeks.

**AFFIRMED.**