[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15369
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-01674-VEH


SHERYL HARVEY,

Plaintiff-Appellant,

versus

STANDARD INSURANCE COMPANY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 20, 2014)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Sheryl Harvey appeals the dismissal of her second complaint against the

Standard Insurance Company to recover long term disability benefits under her

employer's group policy as governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. We affirm.

In 2010, Harvey filed in an Alabama court a complaint seeking a judicial award of long term benefits from Standard. See id. § 1132. Standard removed the action to the district court, after which Standard and Harvey moved for summary judgment. The district court denied Harvey's motion and granted the motion of Standard. The district court ruled, relevant to this appeal, that an extra-contractual appeal undertaken voluntarily by Standard, which Harvey halted by filing her civil action, did not change the standard of review from arbitrary and capricious to de novo. Harvey v. Standard Ins. Co., 850 F. Supp. 2d 1269, 1278–81 (N.D. Ala. 2012). We affirmed. Harvey v. Standard Ins. Co., 503 Fed. App'x 845 (11th Cir. 2013).

In September 2013, Harvey filed a second complaint against Standard in an Alabama court, which Standard also removed to the district court. Harvey again sought a judicial award of long term benefits, see 29 U.S.C. § 1132, on the ground that she was entitled to consideration of evidence submitted to Standard after it agreed to undertake the extra-contractual appeal. Standard moved to dismiss the complaint as barred by the three-year period of limitation provided in Harvey's policy, res judicata, and collateral estoppel.

2

The district court dismissed Harvey's complaint as untimely. The district court ruled that the limitation period in the policy commenced, at the latest, on October 27, 2009, when Standard denied Harvey's claim for benefits, and then ran uninterrupted for more than three years, until August 8, 2013, when Harvey filed her second complaint. The district court declined to consider as "wholly undeveloped and without support" Harvey's two-sentence argument that "[t]he statute of limitations is not a bar" and "began to run on 7/15/13 when Standard refused to issue a decision on the [extra-contractual] appeal." The district court saw "no need to explore" the alternative defenses raised by Standard.

The district court did not err by dismissing Harvey's second complaint. Harvey argues, for the first time, that her complaint is timely because her extra-contractual appeal tolled the limitation period, see 29 C.F.R. § 2560.503-1(c)(3)(ii), but we decline to consider an argument that Harvey failed to raise in the district court, see Slater v. Energy Servs. Group Int'l., Inc., 634 F.3d 1326, 1332 (11th Cir. 2011), and that she fails to discuss substantively in her brief, see Fed. R. App. P. 28(a)(8)(A). And Harvey has abandoned her argument that the limitation period commenced running on the date Standard refused to issue its decision. See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012).

We **AFFIRM** the dismissal of Harvey's complaint.

3