[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13463
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-01776-JEO

SHARON BLAIR,

                                               Plaintiff - Appellant,

versus

METROPOLITAN LIFE INSURANCE COMPANY,

                                               Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 23, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Originally filed in state court, Sharon Blair brought a claim against Metropolitan Life Insurance Company (MetLife) under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, alleging that her Long Term Disability (LTD) benefits under her employee welfare benefit plan (the Plan) were wrongfully terminated.  MetLife removed the case to federal court, where the district court ultimately granted MetLife's motion for judgment as a matter of law.  Blair appeals that decision.  Specifically, Blair argues that (1) *Harvey v. Standard Ins. Co.*, 503 F. App'x 845 (11th Cir. 2013) (per curiam), entitles her to a remand so that MetLife can issue a decision in her second administrative appeal; (2) the district court and MetLife failed to properly consider her favorable Social Security Administration (SSA) award; (3) MetLife denied a full and fair review by failing to inform Blair of materials needed to perfect her appeal; (4) MetLife improperly required objective evidence when it terminated Blair's LTD benefits because the Plan did not require objective evidence; (5) the district court should have considered the evidence that was submitted during her second appeal; (6) she should have been allowed discovery because a conflict of interest existed; and (7) it was error for the district court to analyze her ERISA claim under our six-step ERISA analysis as explained in *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1355 (11th Cir. 2011) (per curiam).  After consideration of the parties' briefs and the record on appeal, we affirm.

2

## I.    FACTS

Blair is a former employee of Progressive Corporation, where she worked as a claims specialist, analyzing and determining Progressive's liability for losses or damages, attempting settlement with claimants and attorneys, corresponding with and interviewing witnesses and claimants, and calculating and paying claims. Blair's last active day of work was August 13, 2007.

Progressive's Plan included LTD coverage.  In part, the Plan provided benefits for disability resulting from a "mental or nervous disorder or disease." These benefits were generally subject to a 24-month limitation.  On November 13, 2007, MetLife received a claim from Blair seeking LTD benefits under the Plan. MetLife approved her claim the following January, granting LTD benefits retroactive to November 13, 2007.  MetLife determined that Blair had a mental or nervous disorder, specifically, recurrent major depression.  Accordingly, Blair was advised that her LTD benefits were subject to a 24-month maximum and were thus scheduled to cease on November 12, 2009.  At this time, MetLife also advised Blair that in order to remain eligible for LTD benefits, Blair was to (1) continue to satisfy the definition of disability and all other requirements under the Plan and (2) periodically provide updated medical information regarding her disability.

On March 7, 2008, Blair was notified that her application for Social Security Benefits had been approved—she would receive benefits effective February 2008.

Once Blair notified MetLife that she was receiving Social Security, Blair's LTD benefits were adjusted, as provided under the Plan.

On March 14, 2008, MetLife advised Blair that it needed additional information from her and her doctors to verify that she was still eligible for LTD benefits.  MetLife also faxed medical records requests to Blair's three treating doctors of record: Dr. Rafael Beltran, a psychiatrist; Dr. A. Bartow Ray, a psychologist; and Dr. A. Just, a neurologist.  MetLife failed to receive the requested records.  Accordingly, it terminated Blair's LTD benefits effective May 14, 2008.  However, MetLife soon thereafter received records from Drs. Just and Ray and reinstated Blair's LTD benefits effective May 15, 2008.

On August 20, 2008, and September 30, 2008, MetLife again requested that Blair provide records of her recent medical information.  Blair complied; however, based on her most recent medical records, MetLife concluded that Blair was now capable of performing the duties of her claims specialist position and terminated her LTD benefits.  MetLife mailed the termination letter on November 6, 2008.

Blair appealed MetLife's decision.  MetLife enlisted two doctors to evaluate Blair's medical records.  Each authored a report concluding that Blair's medical records did not demonstrate that Blair suffered from impairments that rendered her unable to perform the duties of her occupation from November 7, 2008 onward.  These reports were faxed to Drs. Just and Ray on January 16, 2009.  MetLife asked

4

for their comments and additional clinical evidence if they disagreed with the reports. They did not respond. Again on January 22, 2009, MetLife faxed the reports to Drs. Just and Ray and requested comments and additional clinical evidence by the next day.

On January 30, 2009, MetLife had still not heard from Drs. Just and Ray. On that same day MetLife issued its decision denying Blair's administrative appeal. In its letter rejecting Blair's appeal, MetLife acknowledged that Blair had received Social Security benefits, but explained that a Social Security award did not guarantee the approval or continuation of LTD benefits and that the SSA's determination was separate from and governed by different standards than MetLife's review and determination pursuant to the terms of the Plan. The notice concluded by advising that the latest "review constitutes MetLife's final determination on Appeal in accordance with the Plan and federal law" and that Blair had the right to file a civil lawsuit under ERISA.

Blair subsequently retained an attorney, Myron Allenstein. Four months later, on June 3, 2009, MetLife received a letter from Allenstein, requesting documents and information relating to Blair's claim. Allenstein further requested 45 days to present additional information and argument in support of Blair's claim for LTD benefits. Although MetLife agreed to consider materials through July 31, 2009, Allenstein continued to send letters stating that he anticipated submitting

additional records on Blair's behalf.  He sent these letters on July 29, 2009, in September 2009, and December 2009.  Although there were numerous occasions thereafter in which Allenstein suggested that he was, or by a certain date would be, done submitting additional materials, and other occasions where MetLife indicated its desire to resolve the claim on the file as supplemented, Allenstein kept sending additional materials to MetLife periodically over the course of the next two-plus years.

On December 12, 2011, Allenstein submitted an additional document dated October 19, 2011, and noted that he had no additional evidence to submit.  On February 13, 2012, Allenstein wrote MetLife declaring he had submitted his last evidence on December 12 and that MetLife's purported 45-day deadline for a response had passed.  In early April 2012, without any further communication, Blair filed suit for ERISA benefits in state court.  MetLife removed the case to federal court.

Both parties filed a slew of motions; the only one relevant here is MetLife's motion for judgment as a matter of law, which is before us on appeal.  The district court granted MetLife's motion for judgment as a matter of law finding that MetLife's claim determination at issue was de novo correct.  The court denied Blair's motions, and held that the court's review was limited to the record before MetLife at the time the claim determination at issue was made.

## II.    STANDARD OF REVIEW

We review de novo the district court's decision affirming an ERISA plan administrator's decision regarding benefit eligibility, and apply the same standards as the district court. *Blankenship*, 644 F.3d at 1354. ERISA itself does not provide a standard for courts to review the benefits determinations of plan administrators or fiduciaries. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 109 S. Ct. 948, 953 (1989). With *Firestone* and *Metropolitan Life Insurance Company v. Glenn*, 544 U.S. 105, 128 S. Ct. 2343 (2008), as guides, however, this circuit has formulated a multi-step framework for courts reviewing an ERISA plan administrator's benefits decisions:

(1)    Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2)    If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3)    If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4)    If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5)    If there is no conflict, then end the inquiry and affirm the decision.

(6)    If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Blankenship*, 644 F.3d at 1355.  *See Doyle v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1352, 1357 (11th Cir. 2008).

## III.   DISCUSSION

Blair first argues that our decision in *Harvey* entitles her to remand in order to require MetLife to make a decision on her alleged "second appeal."  503 F. App'x at 848.  Basically, Blair argues that remand is necessary so that MetLife can reconsider her claim in light of the evidence she failed to timely submit and which MetLife had no legal obligation to consider, under either the terms of the Plan or ERISA itself.  But in *Harvey* we rejected that exact argument, and we reject it here, too.[1]  *See id.* at 848–49.

Next, Blair argues that the district court and MetLife failed to properly consider her favorable SSA award.  Blair is mistaken.  The district court did consider Blair's favorable award of SSA benefits but found that the only information in the record relating to Blair's SSA award was the fact that she was awarded SSA benefits in March 2008.  That is all.  Accordingly, it could not address the claim in more detail.  Blair did not produce any other information, like,

---

[1] We note that the attorney of record in *Harvey* is the same attorney of record in this case, Myron Allenstein.

8

for example, an opinion from an administrative law judge awarding benefits.  The district court did not even know what materials the SSA considered in making its favorable decision because Blair did not provide it with that information.  And contrary to Blair's assertions, MetLife did consider her favorable SSA award.  MetLife's January 30, 2009 determination makes note of the award and explains that the awarding of SSA benefits does not guarantee the approval or continuation of LTD benefits because the SSA benefits decision is separate from and governed by different standards than MetLife's review and determination under the Plan.  Accordingly, this argument fails.

Blair also contends that MetLife denied a full and fair review by failing to inform Blair of materials needed to perfect her appeal.  Specifically, Blair argues that MetLife failed to comply with 29 C.F.R. § 2560.503-1(g)(1)(iii), which requires notice of an adverse benefit determination to include, "in a manner calculated to be understood by the claimant," a "description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary."  *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560. 503-1.  Our Circuit requires only that notice of an adverse benefit determination "substantially comply" with the content requirements set forth in the regulation.  *See Perrino v. So. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1317–18 (11th Cir. 2000); *Counts v. Gen. Life Ins. Co.*, 111 F.3d 105, 108 (11th

9

Cir. 1997).  In *Counts*, we found that an insurance company's letter met the statutory requirements where the letter "taken as a whole, . . . supplied [the plaintiff] with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review."  *Counts*, 111 F.3d at 108.  We agree with the district court that MetLife provided Blair with the necessary information.  In its November 6, 2008 notice advising Blair that her LTD benefits would be terminated, MetLife stated the following with regard to Blair's right to appeal:

> If you wish to further pursue your LTD claim the following information is needed to review from Dr. Ray; Current psychiatric evaluation, office visit notes, medical records, and/or testing which documents an impairment in functional abilities that would prevent you from performing the essential duties of your occupation.  Medical information needed from Dr. Just; Abnormal examination, diagnostic testing to confirm a severity of impairments, current functional capabilities and restrictions and limitations, an updated treatment plan and certification of disability.

Blair appealed and advised MetLife that she was not submitting additional information and would rely on her physicians to do so.  MetLife provided the appropriate information and Blair's argument fails.

Blair argues that, contrary to the Plan, MetLife terminated Blair's LTD benefits based on Blair's failure to provide objective evidence.  But this claim mischaracterizes MetLife's reason for terminating Blair's LTD benefits.  Blair's LTD benefits were not terminated because she failed to provide objective

evidence.  Rather, MetLife's decision was based on Blair's inability to establish disability under the Plan.  Accordingly, this claim fails.

Next, Blair argues that the district court should have considered the evidence that was submitted during her second appeal.  First, there was no "second appeal." MetLife was not required under the Plan to review extra materials after it had denied her first appeal.  Blair not only received a timely decision on her initial claim but also a full administrative appellate review of her claim in accordance with the terms of the Plan.  At that point, Blair was free to file suit in federal court because she had exhausted her administrative remedies.  Yet, she requested MetLife to conduct an additional administrative review of her claim, which MetLife was not contractually bound, but voluntarily agreed, to do.  Moreover, our case law is clear that we are limited to only those documents that were before the administrator at the time the decision was made.  *See Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989) (noting that a review of the administrator's determination is "based upon the facts as known to the administrator at the time the decision was made"); *Turner v. Delta Family-Care Disability & Survivorship Plan*, 291 F.3d 1270, 1273 (11th Cir. 2002) (per curiam) (stating that the court's review is "based on the evidence of record").  The documents Blair sent to MetLife over the two years following the denial of her administrative appeal were not part of the record considered when determining

11

whether to deny Blair's LTD benefits. Accordingly, the district court is affirmed as to this issue.

Blair contends that she should have been allowed discovery because a conflict of interest existed. We agree with the district court that Blair's discovery request was unnecessary to resolve the case because the court correctly found that MetLife's decision to terminate LTD benefits was de novo correct. This finding ends the analysis at step one. Accordingly, the court did not need to weigh MetLife's admitted conflict because that analysis is only necessary at the sixth and final step of our Circuit's multi-step test for reviewing ERISA plan administrator's benefit decisions. *See Blankenship*, 644 F.3d at 1355.

Finally, Blair argues that our six-step ERISA analysis as explained in *Blankenship* should be abandoned. *See id.* This argument ignores the fact that we created this six-step analysis because of the Supreme Court's holding in *Glenn*, 544 U.S. 105, 128 S. Ct. 2343, and have repeatedly affirmed this analysis post-*Glenn*. *See, e.g.*, *Blankenship*, 644 F.3d at 1355; *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195–96 (11th Cir. 2010); *Doyle v. Liberty Life Assur. Co. of Bos.*, 542 F.3d 1352, 1360 (11th Cir. 2008).

The district court's order granting judgment as a matter of law is affirmed.

**AFFIRMED.**

12