# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1848

_____

David C. Nicholson

*Plaintiff - Appellant*

v.

Standard Insurance Company; Standard Benefit Administration; Long Term
Disability Insurance Policy No 142134-B

*Defendants - Appellees*

Compensation Committee; Cudd Pumping Services, Inc.; RPC Incorporated

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: April 17, 2019
Filed: July 3, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

David C. Nicholson brought this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*., claiming that Standard Insurance Company (Standard) wrongfully denied his claim for disability benefits under a group policy sponsored by his employer. The district court[1] granted summary judgment for Standard. We affirm.

Nicholson has back and neck pain from a 1978 car accident. He worked for his employer from 2001 until September 2014, when he submitted a claim for benefits alleging that his pain had become disabling. At the time, Nicholson had sought medical treatment only from his family physician, Suh Niba, M.D., who noted that Nicholson had "been having increasing difficulty at work due to his neck pain." Despite this observation, Dr. Niba did not increase Nicholson's pain medication, report that Nicholson suffered from any side effects on his current dosage of pain medication, order any imaging tests, or refer Nicholson to a specialist.

The policy grants Standard discretion to resolve all questions arising in the policy's administration, interpretation, and application, as well as to determine who was entitled to benefits. The policy insured Nicholson against his inability to perform his "own occupation" as performed in the national economy—not simply his inability to perform his specific job. Standard's vocational expert determined that Nicholson's occupation in the national economy was a light strength range occupation.

Gary Nudell, M.D., reviewed Nicholson's medical records and discussed Nicholson's medical condition with Dr. Niba. Dr. Nudell found that "there were no neurologic abnormalities documented, no imaging studies available for review, and no other clinical documentation to otherwise support impairment." He further concluded that Nicholson "could perform light level activity on a full time basis with

---

[1]The Honorable P.K. Holmes, III, then Chief Judge, United States District Court for the Western District of Arkansas.

reasonable continuity." Standard denied Nicholson's claim based upon Dr. Nudell's review and the vocational expert's occupation determination.

After the denial, Standard received further correspondence from Dr. Niba and Nicholson's employer. Dr. Niba again did not report any change of pain management treatment, any imaging results, or any referral to a specialist. Based on Nicholson's employer's correspondence, however, Standard determined that Nicholson's occupation was better described as a medium strength range occupation. Dr. Nudell reviewed Nicholson's medical record in light of Dr. Niba's further correspondence but still determined that Nicholson was not disabled. Standard also sought the opinion of orthopedic surgeon Kenneth J. Kopacz, M.D., who concluded that Nicholson could perform medium level duties. Standard informed Nicholson that it had considered his supplemental materials but determined that he had not presented evidence showing that he was disabled.

Nicholson formally appealed Standard's decision, whereupon Standard sought the opinion of Mark Shih, M.D., who is specialty certified in physical medicine and rehabilitation. Dr. Shih reviewed Nicholson's medical record and noted that there were no changes appearing on any imaging tests, and although Nicholson reported more pain, "typically there would be a change in his pain medication regimen, referral to a specialty provider, and further evaluation of his condition." Dr. Shih also concluded that the medical record did not reveal that Nicholson suffered from any cognitive impairment or deficit from his pain medication. Dr. Shih ultimately concluded that Nicholson could perform a medium level occupation. Standard upheld the denial of Nicholson's claim, explaining that without any objective evidence to support his assertion of increased pain, there was no satisfactory proof that Nicholson satisfied the policy's definition of "disability." Nicholson subsequently filed suit in federal district court. The court concluded that Standard did not abuse its discretion in denying Nicholson's claim and granted Standard summary judgment.

-3-

We review *de novo* a district court's grant of summary judgment. Hankins v. Standard Ins. Co., 677 F.3d 830, 834 (8th Cir. 2012). "Where an ERISA plan gives the administrator discretionary power to construe ambiguous terms or make eligibility determinations, the administrator's decision is reviewed for an abuse of discretion." Id. Under an abuse of discretion standard, we will uphold Standard's denial if it was "reasonable; *i.e.*, supported by substantial evidence." McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924 (8th Cir. 2004) (quoting Donaho v. FMC Corp., 74 F.3d 894, 899 (8th Cir.1996)). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). "If substantial evidence supports the decision, it should not be disturbed even if a different, reasonable interpretation could have been made." Id.

Nicholson first challenges the district court's application of the abuse of discretion standard. Nicholson argues that the court should have applied *de novo* review because the policy is subject to Arkansas Insurance Department Rule 101, which prohibits discretionary clauses in "all disability income policies issued in this State which are issued or renewed on and after March 1, 2013." See Ark. Admin. Code 054.00.101. The policy was issued on January 1, 2007, and last amended on January 1, 2013. The policy itself states that it "may be renewed for successive renewal periods by the payment of the premium set by [Standard] on each renewal date. The length of each renewal period will be set by [Standard], but will not be less than 12 months." Neither the policy, nor anything else in the administrative record, signifies that Standard explicitly set a renewal date after March 1, 2013. The district court thus correctly reviewed Standard's decision for an abuse of discretion.

Nicholson contends, alternatively, that the district court erred in granting summary judgment under the abuse of discretion standard. Standard sought the opinion of three doctors, who, after reviewing Nicholson's medical records, found that there was no objective evidence of a disability. See McGee, 360 F.3d at 925 ("It

is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence."); see also Prezioso v. Prudential Ins. Co. of Am., 748 F.3d 797, 806 (8th Cir. 2014) (concluding that an insurance company "did not abuse its discretion by according more weight to the opinions of its own experts"). Finally, although Nicholson claims that his narcotic pain medication prevented him from performing his own occupation, nothing in the administrative record reveals that Nicholson experienced adverse side effects from his medication or that he was barred from performing his own occupation in the national economy because of his narcotic medication. It was thus reasonable for Standard to deny the claim.

Nicholson also fails to show that Standard acted under a conflict of interest when it asked Dr. Nudell to again review Nicholson's medical record after it received further correspondence from Nicholson's employer and Dr. Niba. Nicholson seemingly claims that such correspondence constituted a formal appeal, thereby requiring Standard to seek out the opinion of a different medical consultant. See 29 C.F.R. § 2560.503-1(h)(3)(v). Yet Nicholson did not file a formal appeal until after Standard had reviewed the supplemental materials, at which time Standard sought Dr. Shih's opinion. Standard thus was in compliance with federal regulations.

The judgment is affirmed.

_____